IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN M. TITUS,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>        Defendant. | **8:19CV147**<br><br>**MEMORANDUM AND ORDER** |
| SHAWN M. TITUS,<br><br>        Plaintiff,<br><br>vs.<br><br>GAGE R. COBB, BRYAN MERCER, ANDREA MAUSETH, and STATE OF NEBRASKA,<br><br>        Defendants. | **8:19CV151**<br><br>**MEMORANDUM AND ORDER** |
| SHAWN M. TITUS,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, JIM SCHEER, and STATE OF NEBRASKA,<br><br>       Defendants. | **8:19CV158**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff Shawn M. Titus' Motions for Refund of Filing Fees in the above captioned cases. Plaintiff filed Complaints pursuant to 42 U.S.C. § 1983 in 8:19CV147, 8:19CV151, and 8:19CV158 in April 2019. In each case, Plaintiff filed Motions for Leave to Proceed In Forma Pauperis ("IFP") which were granted and orders were entered directing Plaintiff to pay an initial partial filing fee of $125.11 in each case. In 19CV147, Plaintiff did not pay the initial partial filing fee and the case was dismissed on July 10, 2019, after Plaintiff failed to show cause for his failure to pay the initial partial filing fee. (Filing Nos. 8 & 9, Case No. 19CV147.) In 19CV158, Plaintiff paid the initial partial filing fee, and the case was subsequently dismissed without prejudice upon initial review. (Filing No. 8, Case No. 19CV158.) In 19CV151, Plaintiff did not pay the full initial partial filing fee of $125.11, but the court did receive partial filing fee payments prior to the deadline for Plaintiff to show cause for his failure to pay and the matter is now pending initial review.[1] The court continues to receive partial filing fee payments in each of Plaintiff's cases.

In his motions, Plaintiff requests a refund of filing fees paid in each of his three cases and further requests a stay of further collection of any fees. Plaintiff argues that he entered into a contract by signing and submitting a motion to proceed IFP. Plaintiff asserts that he was unaware that his submission of "[a]n application to proceed in forma pauperis is consent . . . to pay any filing fee required by 28 U.S.C. § 1915(b)." *See* NECivR 3.3(b)(1). Because such information is not disclosed on any of the IFP forms, it constitutes a hidden term which renders his "contract" unconscionable, void, or voidable based on contract law principles. Plaintiff further argues that § 1915(b) discriminates between poor

---

[1] *See Pawneeleggins v. Jared*, 782 Fed.Appx. 517 (8th Cir. 2019) (per curiam) (dismissal of inmate's complaint for failure to pay initial partial filing fee was abuse of discretion where failure to make timely payment was due to lack of available funds) (citing *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (for prisoners whose prior account balances resulted in assessment of initial fee, but who do not have funds available when payment is ordered, § 1915(b)(4) should protect them from having their cases dismissed for non-payment)).

prisoners, who are required to pay the filing fee, and poor nonprisoners, who are not.

The court cannot refund any portion of Plaintiff's filing fee in this case nor can it direct Plaintiff's institution to cease collection of the filing fee. Under the Prison Litigation Reform Act ("PLRA"), an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. Moreover, the PLRA makes prisoners responsible for their filing fees *the moment* the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). The fact that Plaintiff was ignorant of section 1915(b)'s terms and the amount of the court's filing fee prior to filing his actions and motions to proceed IFP does not relieve him from the law's requirements. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law."). Moreover, the Eighth Circuit Court of Appeals has rejected equal protection challenges like that asserted by Plaintiff. *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998) (concluding "the fee provisions of the PLRA do not violate a prisoner's right to equal protection" as "[p]risoners are not similarly situated to non-prisoners.").

The court finds Plaintiff's arguments unpersuasive and unavailing. Plaintiff remains obligated to pay the court's $350.00 filing fee, as long as he is a prisoner, and his institution remains obligated to collect and forward payments to the court in accordance with the procedure set forth in 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that: Plaintiff's Motions for Refund of Filing Fees are denied. ([Filing No. 11](#), Case No. 8:19CV147; [Filing No. 12](#), Case No. 8:19CV151; [Filing No. 10](#), Case No. 8:19CV158.)

Dated this 3rd day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge