IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN M. TITUS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GAGE R. COBB, BRYAN MERCER, ANDREA MAUSETH, and STATE OF NEBRASKA,<br><br>　　　　　　　Defendants. | 8:19CV151<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed a Complaint on April 10, 2019. (Filing No. 1.) He has been given leave to proceed in forma pauperis.[1] (Filing No. 8.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] In the court's order granting Plaintiff leave to proceed in forma pauperis ("IFP"), the court ordered Plaintiff to pay an initial partial filing fee of $125.11. (Filing No. 8.) After Plaintiff failed to pay the initial partial filing fee by the appointed deadline, the court entered an order to show cause why this case should not be dismissed for failure to pay the initial partial filing fee. (Filing No. 11.) Subsequently, the court received a partial filing fee payment in the amount of $5.57, followed by other partial payments which total less than the $125.11 initial partial filing fee assessment. (*See* Docket Sheet.) Plaintiff's failure to pay the full amount of the initial partial filing fee assessed by the court appears to be due to lack of sufficient funds. *See Titus v. Frakes, et al.*, No. 8:19CV158 (D.Neb. 2019) (assessing and collecting $125.11 initial partial filing fee from Plaintiff near same time payment required in present case). Pursuant to 28 U.S.C. § 1915(b)(4), Plaintiff's failure to pay the full initial partial filing fee is not grounds for dismissal. *Pawneeleggins v. Jared*, 782 Fed.Appx. 517 (8th Cir. 2019) (per curiam) (dismissal of inmate's complaint for failure to pay initial partial filing fee was abuse of discretion where failure to make timely payment was due to lack of available funds) (citing *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (for prisoners whose prior account balances resulted in assessment of initial fee, but who do not have funds available when payment is ordered, § 1915(b)(4) should protect them from having their cases dismissed for non-payment)).

# I. SUMMARY OF COMPLAINT

Plaintiff is an inmate currently in the custody of the Nebraska Department of Corrections. He brings what the court liberally construes as a complaint pursuant to 42 U.S.C. § 1983 against the State of Nebraska, Deputy Sarpy County Attorney Gage R. Cobb, Bellevue Police Department Detective Bryan Mercer, and a private individual, Andrea Mauseth, for violations of his rights to effective assistance of counsel, the presumption of innocence, and "to life, liberty, & the pursuit of happiness" under the Fourteenth Amendment. (Filing No. 1 at CM/ECF p. 4.)

Plaintiff alleges that between May 13, 2017, and present day he has "been falsely accused of a crime, maliciously prosecuted, and subsequently imprisoned" in connection with a Nebraska state court case, case number 18-32, State v. Titus, in Sarpy county, Nebraska." (*Id.* at CM/ECF p. 6.) The court has been afforded access to the computerized record keeping system for the Nebraska state courts and takes judicial notice of the state court records related to this case in *State v. Titus*, Case No. CR18-32, District Court of Sarpy County, Nebraska (hereinafter "CR18-32"), and the Nebraska Court of Appeals appellate case records in A-18-1096. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Plaintiff's state court records show that he entered a plea of no contest to one count of attempted first degree sexual assault and was sentenced to 15 to 20 years' imprisonment on November 5, 2018. Plaintiff's conviction and sentence were affirmed on appeal on August 6, 2019, with the mandate issuing on September 9, 2019. *See State v. Titus*, No. A-18-1096, 2019 WL 3562180 (Neb. Ct. App. Aug. 6, 2019). Presently, Plaintiff is litigating his verified motion for postconviction relief filed on September 27, 2019, pursuant to Neb. Rev. Stat. § 29-3001.

In this case, Plaintiff alleges Detective Mercer committed various crimes and ethical violations during his investigation of CR18-32 including tampering with witnesses, falsifying evidence, tampering with evidence, and making false

2

statements in an affidavit of probable cause. (Filing No. 1 at CM/ECF pp. 6–8.) Similarly, Plaintiff alleges Deputy Sarpy County Attorney Cobb engaged in official misconduct "during the prosecution of [CR18-32]" by, inter alia, failing to report Mercer's misconduct and further embellishing upon Mercer's perjurious statements, tampering with a witness, suborning perjury, failing to comply with the terms of the plea agreement, and failing "to make a clear and complete record for review when he neglected to place the entire plea agreement on the record." (*Id*. at CM/ECF pp. 8–10.) Plaintiff likewise accuses Mauseth of perjury. (*Id*. at CM/ECF p. 11.)

Plaintiff alleges he has suffered irreparable injury and, as relief, Plaintiff requests "that the court order an independent investigation into the allegations alleged herein, and for charges to be pursued as appropriate[,] . . . that [his] sentence be vacated and judgment rendered void, or at the very least, to be granted a conditional release pending [his] appeal and subsequent postconviction relief proceedings." (*Id*. at CM/ECF p. 14 (spelling corrected).)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

3

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construed, Plaintiff seeks injunctive relief for alleged violations of his rights under the Fourth and Fourteenth Amendments against the State of Nebraska, Detective Mercer, Deputy County Attorney Cobb, and Mauseth. Because Plaintiff does not specify in what capacity Mercer and Cobb are being sued, the court must assume they are sued in their official capacities. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). For the reasons discussed below, Plaintiff's Complaint fails to state a claim for relief

against any of the Defendants, and the court must abstain from exercising jurisdiction over his claims pursuant to the *Younger* abstention doctrine.

**A. State of Nebraska**

Plaintiff has named the State of Nebraska as a Defendant in this action, but "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's action may not proceed against the State of Nebraska.

**B.  Cobb and Mercer**

Plaintiff alleges claims against Sarpy County Deputy County Attorney Cobb and Bellevue Police Department Detective Mercer in their official capacities based on their involvement in his criminal proceedings. Liberally construed, Plaintiff's claims against Cobb and Mercer are claims against Sarpy County and the City of Bellevue, respectively. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson,* 172 F.3d at 535. To state a plausible claim against either Sarpy County or the City of Bellevue, Plaintiff must allege that a "policy" or "custom" caused a violation of his constitutional rights.

A county or city may only be liable under § 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Sarpy County's attorneys, or that Sarpy County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct, or that any unconstitutional custom was the moving force behind his injuries. Even with the most liberal construction, Plaintiff has failed to allege sufficient facts to state a claim upon which relief may be granted against Sarpy County. Accordingly, Plaintiff's claims against Cobb in his official capacity are dismissed. *See Parsons v. McCann*, 138 F. Supp. 3d 1086, 1098 (D. Neb. 2015) (claims against county attorneys in their official capacities were actually claims against county that employed them).

Likewise, Plaintiff's claim against Mercer in his official capacity fails as he has not made any allegations suggesting a City of Bellevue policy or custom deprived him of a federal right or that the City failed to adequately train its employees. *See Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 694). Accordingly, Plaintiff's claims against Mercer in his official capacity are dismissed.

### C. Mauseth

Plaintiff cannot pursue relief against Mauseth in an action brought under 42 U.S.C. § 1983 because he fails to allege that Mauseth is a state actor or that her conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."); *Myers v. Bull*, 599 F.2d 863, 865 (8th Cir. 1979) ("[W]itnesses, including police officers, do not act under color of law when they testify at a judicial proceeding."). Thus, Plaintiff's claims against Mauseth will also be dismissed.

### D. *Younger* Abstention

Plaintiff asks this court for injunctive relief in the form of an independent investigation into the alleged wrongdoing set forth in the Complaint and an order vacating and voiding his conviction and sentence or, alternatively, granting Plaintiff's conditional release during his appeal and postconviction proceedings. (Filing No. 1 at CM/ECF p. 14.) As alleged in the Complaint and indicated by his state court records, Plaintiff is incarcerated for a criminal case that was pending on direct appeal at the time this action was filed and is currently pending collateral review. The court does not have the proper jurisdiction to grant the relief sought. The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), directs that federal courts must not interfere with, or intervene in, ongoing criminal proceedings in state court. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 (8th Cir. 2012) ("For purposes of applying *Younger* abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed."). Absent extraordinary circumstances, this court must abstain from exercising jurisdiction over any civil action that challenges Plaintiff's ongoing criminal proceedings. *See Hudson v. Campbell*, 663 F.3d 985, 987 (8th

Cir. 2011) ("The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions."). Plaintiff has alleged no such extraordinary circumstances in his Complaint or supplemental pleading. Thus, Plaintiff is advised that the court will not interfere with, or intervene in, his ongoing criminal proceedings, and this action will be dismissed without prejudice.

**E.** ***Heck v. Humphrey***

Even if *Younger* abstention did not apply, the court cannot grant Plaintiff's request that his "sentence be vacated and judgment rendered void, or at the very least, to be granted a conditional release pending [his] appeal and subsequent post conviction relief proceedings," (filing no. 1 at CM/ECF p. 14 (spelling corrected)), without running afoul of the principle embodied by *Heck v. Humphrey*. In *Heck*, the Supreme Court held a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486–87.

Here, the Complaint's allegations demonstrate that the *Heck* bar is properly invoked. If successful, Plaintiff's claims that he was maliciously prosecuted and wrongfully sentenced in CR18-32 necessarily implicate the validity of his conviction and current confinement. Therefore, to the extent judgment in favor of Plaintiff on any of his claims would render his criminal conviction invalid, his claims for relief are barred by *Heck v. Humphrey*. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims); *Harvey v. Horan*,

278 F.3d 370, 375 (4th Cir. 2002) (*Heck* applies to claims for damages, as well as to claims for injunctive relief that necessarily would imply the invalidity of plaintiff's conviction); *Lawson v. Engleman*, 67 Fed. Appx. 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist). *See also Parkins v. Nguyen*, 774 F. App'x 336, 337 (8th Cir. 2019) (per curiam) (holding that inmate could not seek his release from confinement in a section 1983 action); *Adams v. Agniel*, 405 F.3d 643, 644–45 (8th Cir. 2005) (per curiam) (attack on validity of confinement is properly pursued only through habeas action after exhaustion of state remedies).

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 3rd day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge